**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**In Re: AMANDA ROCHELLE ROTTENHOFFER,**

**Defendant.**

**Criminal No. 2:26cr86**

## ARREST ORDER

This Arrest Order arises from defendant Amanda Rochelle Rottenhoffer's failure to comply with written orders issued by this Court on September 11, 2026, and September 24, 2026, in Case Number 2:26cv589. Pursuant to those two Orders, Ms. Rottenhoffer was required to transfer physical custody of M.R., her minor child, to Tamas Rottenhoffer, M.R.'s father, in order to facilitate M.R.'s lawful return to Hungary, M.R.'s country of habitual residence. Case No. 2:26cv589, ECF Nos. 80, 95.

On September 28, 2026, this Court held a civil contempt hearing to allow Ms. Rottenhoffer to address her non-compliant conduct, but Ms. Rottenhoffer failed to appear. Case No. 2:26cv589, ECF No. 97. As explained at the hearing and as memorialized in the Civil Contempt Order issued earlier today, Case No. 2:26cv589, ECF No. 98, Ms. Rottenhoffer's repeated failure to comply with clear orders of this Court in a matter involving international child abduction, punctuated by Ms. Rottenhoffer's apparent disappearance with M.R., has caused the proceedings to

reach the point where it is appropriate to initiate a criminal contempt case. Tellingly, over the last few months, Ms. Rottenhoffer has consistently and timely responded to communications from the Clerk's Office by both email and telephone, but all such responses ended last week.

Rule 42 of the Federal Rules of Criminal Procedure provides that "any person who commits criminal contempt may be punished for that contempt after prosecution on notice." Fed. R. Crim. P. 42(a). "The elements of criminal contempt under 18 U.S.C. § 401(3) are: (1) a reasonably specific order; (2) violation of the order; and (3) the willful intent to violate the order." In re Gates, 600 F.3d 333, 338-39 (4th Cir. 2010) (citation omitted).

Pursuant to Rule 42(a), the Court must give the defendant notice of the initiation of a criminal contempt proceeding either "in open court, in an order to show cause, or in an arrest order." Fed. R. Crim. P. 42(a)(1). Due to the underlying facts, including the apparent disappearance of Ms. Rottenhoffer and M.R., as well as the Clerk's inability to reach Ms. Rottenhoffer by phone or email, the Court is initiating criminal contempt proceedings through this arrest order.

Ms. Rottenhoffer is hereby placed on **NOTICE** of the following, as expressly required by Rule 42(a)(1):

(1) Ms. Rottenhoffer is hereby charged with criminal contempt under 18 U.S.C. § 401(3) based on her failure to comply with

the express terms of this Court's lawful "Return Order," issued on September 11, 2026, in Case No. 2:26cv589, and based on her failure to comply with the express terms of this Court's lawful "Order to Enforce and Order to Show Cause," issued on September 24, 2026, in that same civil case. Though Ms. Rottenhoffer appears to have failed to comply with multiple provisions of the Court's Orders, her most egregious non-compliance took the form of failing to turn over physical custody of her minor child M.R. to the child's father as expressly ordered by this Court in a Hague Convention International Child Abduction case.

(2) The criminal contempt trial is scheduled for Monday, October 19, 2026, at 10:30 a.m. in Courtroom 1 at the Federal Courthouse at 600 Granby Street, Norfolk, Virginia. This future trial date will ensure that Ms. Rottenhoffer has "a reasonable time to prepare a defense." Fed. R. Crim. P. 42(a)(1)(B).

The U.S. Marshals Service is hereby **ORDERED to Arrest** the above-named defendant **AMANDA ROCHELLE ROTTENHOFFER** on the charge of criminal contempt. The Marshals Service is **INSTRUCTED** to provide Ms. Rottenhoffer a copy of this **ARREST ORDER** at the time of her arrest.

Following her arrest, Ms. Rottenhoffer will be "released or detained" on the criminal charge pending trial pursuant to the procedures outlined in Federal Rule of Criminal Procedure 46(a). *See* Fed. R. Crim. P. 42(a)(3) (indicating that detention procedures under Rule 46 apply to individuals charged with criminal contempt).

Ms. Rottenhoffer, of course, will also be afforded the "right to counsel," and is "entitled to all the protections to which anyone accused of a crime is entitled." Benchbook for U.S. District Courts, at 326-27 (FJC, Feb. 2026).

As to Ms. Rottenhoffer's civil contempt, Ms. Rottenhoffer's potential future civil detention turns on the express terms of the civil detention order issued on September 28, 2026, in Case No. 2:26cv589.

The Clerk is **REQUESTED** to provide a copy of this **ARREST ORDER** to the U.S. Marshals Service and to the Criminal Chief of the U.S. Attorney's Office in Norfolk, Virginia.

It is so **ORDERED**.

/s/ MSD
Mark S. Davis
United States District Judge

Norfolk, Virginia
September 28, 2026